UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FLORES,

                        Petitioner,                  Case No. 5:17-cv-11320
                                                            Hon. John Corbett O'Meara

v.

WILLIE SMITH,[1]

                        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

State of Michigan prisoner David Flores, ("Petitioner"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Petitioner's February 13, 2014, Adrian Circuit Court judgment of conviction for forgery, MICH. COMP. LAWS § 750.248, for which he received a sentence of 1½ to 14 years imprisonment. The pro se petition is poorly drafted and difficult to understand. As best the Court can determine it attempts to raise the following claims: (1) the trial court was erroneously forced to sentence Petitioner to a prison term due to his prior criminal record, (2) it is "un-American" to keep Petitioner in prison past his minimum sentence when he has something to offer society, (3) Petitioner

---

[1]The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. See Edwards Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); See also Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Willie Smith, who is the warden at the Ionia Correctional Facility where Petitioner is imprisoned in the caption.

1

has rehabilitated himself and is no longer interested in committing crimes. Petitioner acknowledges in his petition that he has never presented any of these claims to the state courts.

I.

Petitioner pled guilty to forgery in the Lenawee Circuit Court in 2013. He was sentenced as indicated above on October 4, 2013. According to the allegations in the petition, and as confirmed by the Michigan One Court of Justice website, Petitioner's direct appeal ended in the state courts when the Michigan Supreme Court denied his application for leave to appeal on December 23, 2015. *People v. Flores*, No. 150876 (Mich. Sup. Ct. Dec. 23, 2015).[2] Petitioner acknowledges in his petition that he has never sought post-conviction review in the state courts following his direct appeal, and he did not present any of his habeas claims to the state courts on direct review. See Dkt. 1, ¶¶ 12(c) and (d).

II.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513

---

[2]See coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See United States ex. rel. *Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See, e.g., *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Here, Petitioner denies that he every presented any of his habeas claims to the state courts during his direct appeal. Petitioner has a state court procedure available to him because has not yet filed a motion for relief from judgment under Michigan Court Rule 6.501.

The district court can and must raise the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. Because none of Petitioner's claims have been exhausted, the petition is subject to dismissal on that basis.

Accordingly, the Court will summarily dismiss the petition without prejudice.

III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the

Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date: May 3, 2017


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 3, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

4